**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STATE FARM MUTUAL** | ) | |
| **AUTOMOBILE INSURANCE,** | ) | **C.A. No. 20-202 Erie** |
| **COMPANY,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **District Judge Susan Paradise Baxter** |
| | ) | |
| **KELSEA GRIFFITHS and ELECTRIC** | ) | |
| **INSURANCE COMPANY,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

**I.      INTRODUCTION**

This action arises from an underlying tort action that was filed in the Court of Common

Pleas of Erie County, Pennsylvania ("Erie County Court") by Kelsea Griffiths ("Griffiths")

against Andrea Schlaufman ("Schlaufman") to recover damages for injuries Griffiths sustained

in an automobile accident that occurred on August 22, 2014. At the time of the accident,

Griffiths was a passenger in a vehicle operated by Heather Bendure ("Bendure"). According to

Griffiths, the accident was negligently caused by a second vehicle that was operated by

Schlaufman, who fled the scene. Griffiths subsequently joined Bendure as an additional

defendant in the underlying action. Griffiths' liability claim against Schlaufman was ultimately

settled for $90,000.00. In addition, Griffiths accepted a $10,000.00 offer from Bendure's

insurance carrier, Electric Insurance Company ("Electric"), to settle her bodily injury liability

claim against Bendure. Griffiths is now seeking to recover underinsured motorist ("UIM")

benefits from both Electric and her own automobile insurance carrier, State Farm Mutual

Automobile Insurance Company ("State Farm").

On June 4, 2020, State Farm initiated the present action by filing a complaint for declaratory judgment against Griffiths and Electric in the Court of Common Pleas of Erie County, Pennsylvania ("Erie County Court"), seeking a determination that Electric is primarily responsible for providing UIM coverage to Griffiths, and that State Farm is the UIM carrier of second priority [ECF No. 1-1]. The action was subsequently removed to this Court pursuant to a Notice of Removal filed by Electric on July 15, 2020 [ECF No. 1]. On September 21, 2020, Electric filed an answer to State Farm's complaint, as well as a counterclaim for declaratory judgment alleging that Griffiths released her claims against Electric in the settlement of her claims against Bendure and, therefore, is not entitled to recover UIM benefits under Electric's insurance policy. State Farm has since filed an answer to Electric's counterclaim [ECF No. 13], and Griffiths filed an answer to both the complaint and Electric's counterclaim [ECF No. 18]

On April 12, 2021, Electric filed a motion for judgment on the pleadings [ECF No. 27], which is presently pending before the Court. State Farm has filed a response and brief in opposition to Electric's motion [ECF Nos. 30 and 31, respectively], to which Electric has filed a reply brief [ECF No. 32].[1] This matter is now ripe for consideration.

## II.    STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard as a motion to dismiss under Rule 12(b)(6) Katzenmoyer v. City of Reading, Pa., 158 F.Supp.2d 491, 496 (E.D.Pa.2001). The court must view the facts presented in the light most favorable to the non-moving party. Id. A motion for judgment on the pleadings cannot be granted "unless the movant clearly establishes that no

---

[1] State Farm has since filed a motion for summary judgment [ECF No. 35], which remains pending before the Court and will be addressed separately, in due course.

material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Kruzits v. Okuma Machine Tool, 40 F.3d 52, 54 (3d Cir.1994), quoting Society Hill Civic Assoc. v. Harris, 632 F.2d 1045, 1054 (3d Cir.1980)). The Court may grant the motion only if the non-movant can plead no facts that would support his claim for relief. Constitution Bank v. DiMarco, 815 F.Supp. 154, 157 (E.D.Pa.1993).

### III.   DISCUSSION

Here, Electric argues that it does not owe Griffiths UIM benefits and is entitled to judgment on the pleadings in its favor because Griffiths released all claims against Electric when she signed a general release (the "Release") of all her claims against Bendure and Electric in her underlying lawsuit in Erie County Court (ECF No. 27, at ¶¶ 10-11, 16). In support of its argument that it is entitled to judgment on the pleadings, Electric asserts that Griffiths "admits the terms and provisions of the Release" and "State Farm has not challenged the declaratory relief that Electric seeks in its Counterclaim" (Id. at ¶¶ 23, 24). Thus, according to Electric, there are no claims against it that are left for the Court to adjudicate (ECF No. 28, at p. 4).[2] However, Electric's assertions are belied by the answers filed by both State Farm and Griffiths in response to its counterclaim. In particular, in its answer State Farm expressly denies "that Kelsea Griffiths is not entitled to UIM benefits under the Electric policy" (ECF No. 13, at p. 2, ¶ 6), while Griffiths denies Electric's allegations that she released her claim for UIM benefits from Electric under the terms of the Release (ECF No. 18, at p. 4, ¶¶ 3-5). Thus, Electric's bald assertion that

---

2

In support of its claim that it is entitled to judgment on the pleadings, Electric cites the case of Anderson v. Dimon, 2020 WL 6392814 (D. Del. Nov. 2, 2020), in which the court granted defendant's counterclaim for declaratory judgment based on the terms of a release previously executed by the plaintiff; however, in Anderson, the plaintiff failed to file an answer to defendant's counterclaim and, thus, was deemed to have admitted defendant's allegations under Rule 8(b)(6) of the Federal Rules of Civil Procedure. Id. at *2. Such is not the case here, as both State Farm and Griffiths have filed answers denying Electric's allegations.

"There is no material issue of fact remaining to be resolved" (ECF No. 27, at ¶ 34), is ill-founded. Based on the pleadings of record, Electric's motion will be denied.

An appropriate Order follows.